**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERNEST JOSEPH, III** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-1889** |
| **KEITH COOLEY, WARDEN** | **SECTION "I"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2).  For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

### I.  *Procedural History*

Petitioner, Ernest Joseph, III, is currently incarcerated in the Allen Correctional Center in Kinder, Louisiana.  Joseph was initially indicted by a St. John the Baptist Parish Grand Jury for second degree murder.[1]  On January 7, 2013, the State amended the indictment to reflect manslaughter pursuant to the terms of a plea agreement.  That same day, Joseph executed a waiver of constitutional rights and entered a plea of guilty to the amended indictment.  The

---

[1] State Rec., Vol.  1 of 4, Bill of Indictment, St. John the Baptist Parish Grand Jury.

written plea agreement that was executed by the parties and filed with the trial court provided, in pertinent part, that Joseph understood he faced a maximum possible sentence of forty (40) years imprisonment for manslaughter; he was pleading guilty because "on or about December 5, 2010, defendant and victim were involved in a verbal and subsequent physical altercation which resulted in [his] striking victim and causing death of victim"; and his sentence would be imposed only after a presentence investigation (PSI) and would be subject to a cap of thirty (30) years.[2] He acknowledged in particular that he understood the numerous rights he was forfeiting by pleading guilty, including giving up the right to appeal any guilty verdict that might be returned after trial.  He further accepted the condition that he would be unable to appeal, or seek reconsideration or review, of a sentence imposed in conformity with a plea agreement [C.Cr.P. Art. 881.2 (2)], but that he had thirty (30) days after sentencing to file a motion to appeal a sentence for which he had not bargained or to which he had not agreed.  Following a plea colloquy, the trial judge accepted the written executed waiver and guilty plea, stating:

> I am satisfied that he's competent to enter into this plea agreement; that the defendant was aware of the nature of the crime to which he's pleading guilty; that the defendant did in fact commit the crime to which he's pleading guilty; and that he understands the consequences of his plea of guilty; and that he has made a knowing, intelligent, free and voluntary act of pleading guilty to the

---

[2] *Id.*, "Waiver of Constitutional Rights and Plea of Guilty" form executed January 7, 2013.

crime.[3]

The trial court ordered a presentence investigation and delayed sentencing.

Joseph's sentencing hearing was held several months later on May 6, 2013.  Before ruling, the trial court heard statements from the victim's mother and friends as well as from Joseph himself.  Additionally, the trial court allowed defense counsel to file a motion entitled, "Motion to Strike and File Under Seal the Presentence Investigation Report," which addressed his concern about the presentence investigation as discussed in chambers the week before the hearing.  He explained that the motion was intended to "preserve the record" for Joseph.[4]  The motion alleged that the presentence report did not comply with Louisiana Revised Statute 15:1132, and was "out of sync" with the plea agreed to by the parties and thus prejudicial to Joseph.  The objectionable portion noted by the State involved a suggestion to the court that defendant be sentenced to a term of 38 to 40 years, contrary to the agreed-upon cap, as well as comments regarding the seriousness of the offense, the age of the alleged victim, and the facts as perceived by the Department of Probation and Parole.   The motion was not accompanied by an order; nor was a ruling on the motion requested or entered.[5]  The trial

---

[3] State Rec., Vol. 4 of 4, *Boykin* Transcript (January 7, 2013), p. 13, attached as Exhibit to Louisiana Supreme Court writ application; *see also* Rec. Doc. 7, Petition (attached Exhibits #2 at p. 21).

[4] State Rec., Vol. 1 of 4, Sentencing Transcript, pp. 6-7.

[5] *Id.*, "Motion to Strike and File Under Seal the Presentence Investigative ("PSI") Report of the Department of Probation and Parole" filed May 6, 2013.  The PSI report is not included

3

court acknowledged the cap that was part of the plea agreement and stated that "having read the reports, having read the statements, and having read the investigative report, I have reason to believe that this agreement is best for everyone concerned. It spares the families of both parties of additional hurt that might have come out through a trial. But it also says that there's a reason for this particular plea arrangement."[6] In accordance with that agreement, the trial court sentenced Joseph to twenty-eight (28) years imprisonment at hard labor, with credit for time served.[7]

Joseph did not pursue a direct appeal. Instead, about three months later, in September 2013, he filed an application for post-conviction relief with the state district court. He raised one claim for relief: "Petitioner's conviction was obtained in violation of the Constitution of the United States and the State of Louisiana in that [his] right to an appeal of his conviction and sentence was inadvertently waived due to counsel's failure to motion for an appeal."[8] He sought to have his "state constitutional rights" to an appeal of his sentence reinstated pursuant to *State v. Counterman*, 475 So.2d 336 (La. 1985). On October 4, 2013, the state district court denied his application for post-conviction relief. In denying relief, the court noted that Joseph

---

in the state court record.

    [6] *Id.*, Sentencing Transcript, p. 19.

    [7] *Id.*, Sentencing Transcript, pp. 19-20; *see also* State of Louisiana Uniform Commitment Order.

    [8] *Id.*, Uniform Application for Post-Conviction Relief, p. 4.

4

understood and voluntarily waived his right to a trial by jury and the right to an appeal from

any guilty verdict that might be returned if he went to trial, and knowingly and intelligently

executed a waiver of constitutional rights and plea of guilty form.  The state district court

concluded that because Joseph intelligently waived his right to appeal, was adequately

represented by counsel throughout the process, and a great measure of finality is afforded to

guilty pleas, there was no reason to upset the conviction in this case.[9]  On November 21, 2013,

the Louisiana Fifth Circuit denied his related supervisory writ application as follows:

> Relator seeks review of the district court's denial of relator's application for
> post-conviction relief, wherein relator seeks an out-of-time appeal.  Upon
> review of the application, we find no error in the district court's ruling of
> October 4, 2013.[10]

On August 25, 2014, the Louisiana Supreme Court denied relief without stated reasons.[11]

On February 16, 2015, Joseph filed his federal application for *habeas corpus* relief.[12]  He

---

[9] State Rec., Vol. 1 of 4, State District Court Judgment denying PCR signed October 4, 2013.

[10] State Rec., Vol. 3 of 4, *State v. Joseph*, No. 13-KH-883 (La. App. 5th Cir. Nov. 21, 2013) (unpublished writ decision); *see also* Louisiana Fifth Circuit Application for Supervisory Writ of Review, No. 13-KH-883.

[11] State Rec., Vol. 4 of 4, *State ex rel. Joseph v. State*, 2013-KH-2923 (La. 8/25/14), 147 So.3d 695.

[12] Rec. Doc. No. 7, Petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Joseph signed the application on February 16, 2015.

asserts one ground for relief: "[He] was denied his Fourteenth Amendment right to appeal his sentence which was based upon an unlawful Pre-Sentence Investigation Report prepared by the State of Louisiana Department of Probation and Parole."[13]   In its response, the State concedes that the application was timely filed and that Joseph exhausted his remedies in the state courts.  For the following reasons, the claim should be denied on the merits.

## II. Standards of review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal *habeas* court's role in reviewing state prisoner applications in order to prevent federal *habeas* 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28

---

[13]   Although "Ground Two" in his form petition states that his plea was "unconstitutionally entered," his memorandum in support does not assert this ground, and in fact expressly states in the "Summary of Arguments in Support of Claims for Relief," that he does not dispute the fact that his guilty plea was knowingly, intelligently and voluntarily made. *See* Rec. Doc. 7.

U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell*, 535 U.S. at 694.

A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent.  *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010).  An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct.

7

1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694.  A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief.  *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA." *Harrington v. Richter*, 562 U.S. 86 (2011).  Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. at 102; emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

### III. *Claim for Relief*

In his sole claim for relief, Joseph asserts the trial court improperly denied him the right to an out-of-time appeal to challenge the propriety of the presentence investigation report, and in particular, comments by the reporting agent "that went far outside the scope of the requisite

8

and discretionary reporting" under Louisiana law.[14]  It is Joseph's position that he did not relinquish his constitutional right to appeal the sentence subsequently imposed based on an unlawful presentence investigative report.  According to Joseph, the issue was properly preserved for appeal and he was erroneously denied the right to challenge his sentence by out-of-time appeal.  He asks this Court to remand the case to the state trial court with instructions to allow him to appeal the adverse presentence investigation that determined the sentence imposed by the trial court.

In rejecting Joseph's post-conviction relief application seeking an out-of-time appeal, the state district court determined that his guilty plea and related express written waiver of appeal rights was knowing and voluntary.  The state district court's denial of the out-of-time appeal was expressly upheld by the court of appeal.  The Louisiana Supreme Court denied relief without assigning additional reasons.

Insofar as Joseph seeks a determination from this Court that the state trial court improperly denied his request for an out-of-time appeal, and effectively, reinstatement of an untimely appeal of his sentence imposed in accordance with his guilty plea, he does not present a cognizable federal constitutional claim.  Federal *habeas corpus* relief may be granted only to remedy violations of the federal constitution and the laws of the United States. Questions concerning a criminal defendant's pursuit of an untimely appeal or post-conviction

---

[14] Rec. Doc. 7, Memorandum in Support at p. 8 of 16.

motions are purely matters of state law that will not suffice to support federal *habeas* relief. *Engle v. Isaac*, 456 U.S. 107, 119 (1983). In Louisiana, consideration of a request for an out-of-time appeal is made through the state post-conviction process. *See State v. Counterman*, 475 So.2d 336, 339 (La. 1985) (the proper procedural vehicle for a defendant to seek the exercise of his right to appeal after the delay provided by law is an application for post-conviction relief). Therefore, the decision to grant or deny an out-of-time appeal is a matter of state procedural law, not federal constitutional law.

Furthermore, Joseph cannot prevail on his claim that his constitutional due process rights were violated by the trial court's denial of his request for an out-of-time appeal. Indeed Joseph has no constitutional right to a direct appeal or out-of-time appeal. The United States Supreme Court has not recognized a federal constitutional right to a direct appeal of a state conviction. *See*, *e.g.*, *Smith v. Robbins*, 528 U.S. 259, 270 n. 5 (2000) ("The Constitution does not, however, require States to create appellate review in the first place."); *Ross v. Moffitt*, 417 U.S. 600, 606 (1974) ("[A] State is not obliged to provide any appeal at all for criminal defendants."). Any right to direct appeal of a criminal conviction in the state courts must be created by state statute or state constitution. *Evitts v. Lucey*, 469 U.S. 387, 393 (1985). Once created by the State, the appeal procedure must comport with due process. *Id*.

Louisiana law is also clear that the determination of whether to grant an out-of-time appeal to a convicted inmate is broadly discretionary with the state courts when requested in a procedurally proper manner through an application for post-conviction relief. *See* La. C.Cr.P.

10

art. 924 *et seq.*; *Counterman*, 475 So.2d at 340 (trial court may grant out-of-time appeal on post-conviction motion only "after due consideration of [numerous] factors"); *State v. Creel*, 450 So.2d 651, 653 (La.1984) (only a timely-filed motion for appeal shall be granted; all others are discretionary); *State v. Munson*, 782 So.2d 17, 21 (La. App. 5th Cir.2001) (appellate review of trial court's determination of post-conviction motion seeking out-of-time appeal reviewed under abuse of discretion standard); *State v. Wright*, 664 So.2d 712, 714 (La. App. 3d Cir.1995) (state trial court has discretion to grant or deny motion for appeal). The State of Louisiana, by its broadly discretionary statutes concerning an out-of-time appeal of a criminal conviction, has not created a constitutionally protected due process interest. *See Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Taylor v. Jagers*, 115 F. App'x 682, 684 (5th Cir. 2004) (citing *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989); *Branch v. Rader*, Civ. Action No. 12-2542, 2013 WL 5410243, at *4 (E.D. La. Sept. 25, 2013), *aff'd*, 596 F. App'x 273 (5th Cir. 2015). Therefore, it is clear that Joseph has no constitutional right to an out-of-time appeal, under either the United States Constitution or state law.

In this case, Joseph's direct appeal rights and post-conviction rights were set forth in the written waiver of constitutional rights and guilty plea form initialed and signed by him. He acknowledged on the record in open court that he had been advised of his rights and that he was waiving them by pleading guilty. The trial court accepted his guilty plea and associated waiver of rights, inclusive of the right to appeal or seek reconsideration or review of a sentence imposed in conformity with the plea agreement. Upon review, the state district court

11

found that Joseph understood the rights he was waiving at the time he entered his guilty plea and did so voluntarily.  Moreover, Joseph concedes that his guilty plea was knowingly, intelligently and voluntarily made and that by making the plea he gave up his right to appeal.[15] In fact, as part of the plea agreement, he waived his right of direct appeal and the sentence was imposed in accordance with the plea agreement.  Thus, an appeal related to his sentence was barred by the express waiver of appeal rights in the plea agreement.

Joseph contests the scope of the appeal-rights waiver, particularly with regard to his ability to appeal the sentence, given the timing of the alleged noncompliant PSI.  To the extent he attempts to invalidate the knowing and voluntary waiver simply because the presentence investigation report was submitted after he entered the plea agreement, the argument is meritless.  The timing and preparation of the presentence investigation report is mandated by state law; the report is ordered and submitted once a defendant is convicted.  La. R.S. 15:1132; La. C.Cr.P. art. 875.  Here, Joseph's sentencing was delayed as allowed by law and pursuant to the plea agreement until the presentence investigation report was received by the trial court.  Defense counsel had ample opportunity to review the presentence investigation and raise objections to the prejudicial nature of the report in advance of sentencing.  The trial court considered the presentence investigation report in light of defense counsel's stated objection. The trial court concluded that the plea agreement was beneficial to all involved and

---

[15] Rec. Doc. 7, p. 7 of 16.

imposed a sentence that fell within the express parameters of the plea agreement (*i.e.*, the 30-year cap).  The knowing and voluntary plea agreement with its attendant waiver of rights was in no way qualified by the timing or subsequent receipt of the presentence investigation.

Under the circumstances, Joseph has failed to establish that the state courts' denial of the request for an out-of-time appeal violated the United States Constitution or otherwise constitutes a cognizable constitutional claim that would warrant federal *habeas corpus* relief. Accordingly, Joseph has not established that the state courts' decision to deny the out-of-time appeal was contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

<u>**RECOMMENDATION**</u>

**IT IS RECOMMENDED** that Joseph's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[16]

New Orleans, Louisiana, this 28th day of October, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE  JUDGE

---

[16]  *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.

14