**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERNEST JOSEPH, III** | **CIVIL ACTION** |
| **VERSUS** | **No. 15-1889** |
| **KEITH COOLEY, WARDEN** | **SECTION I** |

**ORDER AND REASONS**

The U.S. Court of Appeals for the Fifth Circuit has remanded[1] this case for a determination of whether petitioner's pro se notice of appeal was timely filed. The answer to that question depends on the date that petitioner deposited the notice of appeal in the prison's internal mail system. *See* Fed. R. App. P. 4(c)(1) ("[T]he notice [filed by the inmate] is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). The final day for filing a timely notice of appeal in this case was Monday, December 21, 2015.[2] Petitioner's notice is dated December 5, 2015, but it was not received in this Court until December 28, 2015.[3] Accordingly, upon remand this Court ordered[4] petitioner to file:

> [A] memorandum setting forth the date that his notice of appeal was deposited in the prison's internal mail system, if in fact [petitioner] used that system to file his notice of appeal. Such memorandum shall be accompanied by "a declaration in compliance with 28 U.S.C. § 1746 or . . . a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid," or by other supporting documentation such as prison mail receipts or records.

---

[1] R. Doc. No. 27.
[2] Pursuant to 28 U.S.C. § 2107(a) and Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the notice of appeal in a civil case must be filed within 30 days of entry of judgment. This Court entered final judgment against petitioner on November 19, 2015. R. Doc. No. 19. Because the thirtieth day from that date was a Saturday, petitioner had until Monday, December 21, 2015 to file his notice of appeal.
[3] R. Doc. No. 22.
[4] R. Doc. No. 28.


The order further directed that "[i]f [the state] contests [petitioner's] memorandum, [it] shall file a response along with any supporting documentation no later than Monday, May 16, 2016."[5]

Petitioner filed a response,[6] which appears to be properly notarized as required pursuant to Rule 4(c)(1) of the Federal Rules of Appellate Procedure.[7] However, the response did not contain the date that petitioner actually signed and deposited the notice of appeal in the prison's internal mail system. The Court therefore issued another order[8] on May 25, 2016 directing petitioner to provide the Court, no later than June 6, 2016, with "the date that he personally deposited the notice of appeal in the prison's internal mail system." Petitioner has not done so.

The Court now must decide the timeliness of petitioner's notice of appeal based upon his initial, inadequate briefing. The Court notes that the state did not contest petitioner's original brief, and the Court will therefore treat the facts asserted in petitioner's response as uncontested. Nevertheless, for the following reasons the Court concludes that petitioner's notice of appeal was untimely filed.

---

[5] R. Doc. No. 28, at 2.

[6] R. Doc. No. 29. The Court's order directed petitioner to file his response no later than May 9, 2016. Petitioner's response is dated May 6, 2016, but it was not received by the Court until May 10, 2016. Because the Fifth Circuit has recognized that a "mailbox rule" generally applies to pleadings of prisoners proceeding pro se, however, petitioner's response is deemed timely filed despite its late receipt by the Court. *See Holley v. Terrell*, No. 10-1787, 2013 WL 2243835, at *3 (E.D. La. May 21, 2013) (Africk, J.).

[7] Rule 4(c)(1) of the Federal Rules of Appellate Procedure provides, in relevant part, that "[t]imely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid." *Id.* 28 U.S.C. § 1746 provides that such a declaration must (1) be in the writing of the person making the declaration, (2) be dated, and (3) must conclude in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." The requirements for a document to be properly notarized are set forth in La. Stat. Ann. § 35:12. Although petitioner's response appears to meet these requirements, the Court notes that the response does not "state that first-class postage has been prepaid," as required by Rule 4(c)(1).

[8] R. Doc. No. 30.

**LAW AND ANALYSIS**

"[T]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). As the appellant, petitioner bears the burden of establishing appellate jurisdiction over his appeal. *See Acoustic Systems, Inc. v. Wenger Corp.*, 207 F.3d 287, 289 (5th Cir. 2000). However, the Court must construe petitioner's pleadings liberally because he is proceeding pro se. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) ("[W]e liberally construe the pleadings of those who proceed pro se."). But "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

If petitioner does not prove that the appeal was timely filed through competent evidence, his appeal must be deemed untimely. *See United States v. Hurtado-Hilario*, 67 F. App'x 248 (5th Cir. 2003) (holding that an inmate's notice of appeal was untimely filed where, though signed before the last day for filing, the inmate did not provide "proof (either through the procedure in § 1746 or through a notarized statement) that he deposited the notice in the prison mail system on that date"). As previously explained, in order for petitioner's appeal to be considered timely, he must demonstrate that it was delivered to prison officials for mailing on or before December 21, 2015.

Petitioner's response avers that he was originally incarcerated at Allen Correctional Center, but he then was transferred to Winn Correctional Center on December 7, 2015.[9] He claims that "[t]he prison officials at Allen Correctional Center mistakenly mailed petitioner's Notice of

---

[9] R. Doc. No. 29, at 1.

Appeal, prepared by inmate counsel, to David Wade Correctional Center for signature and mailing."[10] "Wade Correctional Center forwarded the Notice of Appeal to petitioner and it was signed and placed in the hands of prison officials for mailing."[11] Accordingly, petitioner argues that "[a]pplication of the 'mail-box rule' requires that the Notice of Appeal be considered timely filed as of December 7, 2015."[12]

This response, even accepted as true, does not demonstrate that petitioner's appeal was "deposited in the institution's internal mail system on or before" December 21, 2015. Although petitioner's version of events remains somewhat unclear, he appears to claim that inmate counsel used the date of December 5, 2015 on the notice of appeal, and then had the notice mailed to petitioner. The prison officials apparently forwarded the mail to the wrong facility, however, and petitioner received it, signed it, and deposited it into the prison's internal mail system on a date petitioner does not provide. *But it is this second date that determines whether petitioner's appeal was timely filed*. The mailbox rule was not triggered on the date that inmate counsel forwarded the notice of appeal to petitioner for his signature. Rather, the notice was deemed filed on the date on which the signed notice was mailed by petitioner to this Court—a date that petitioner has not provided despite two opportunities to do so. Petitioner has failed to carry his burden of demonstrating that his notice of appeal was timely filed, and the notice must be deemed untimely.

The Court further observes, however, that pursuant to Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, a district court "may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by

[10] R. Doc. No. 29, at 1.
[11] R. Doc. No. 29, at 1.
[12] R. Doc. No. 29, at 1.

this Rule 4(a) expires, that party shows excusable neglect or good cause." The Fifth Circuit occasionally treats an untimely notice of appeal filed within the 30-day period after the time prescribed by Rule 4(a) expires as a motion for a determination whether excusable neglect or good cause entitles the petitioner to an extension of time to appeal. *See Walker v. Stephens*, No. 15-10511, at *2 (5th Cir. Aug. 14, 2015) ("We treat these statements [in the two untimely notices of appeal] as a timely motion for finding excusable neglect or good cause for filing the notices of appeal late and remand to the district court . . . ."); *Kramer v. Castaneda*, (5th Cir. 2015) ("We construe Kramer's notice of appeal, which asserted reasons for his untimely filing, as a motion under Federal Rule of Appellate Procedure 4(a)(5)(A)."); *Bennett v. GEO Grp., Inc.*, No. 12-60017, at *2 (5th Cir. Mar. 8, 2012) ("In the [untimely] notice of appeal, the plaintiff stated that she had not been informed by her attorney that the case had been dismissed and that she wanted to appeal the district court's decision. We treat these statements as a timely motion for finding excusable neglect or good cause for filing the notice of appeal late and remand to the district court to make the necessary findings.").

Significantly, however, the Fifth Circuit case law cited above suggests that treating an untimely notice as such a motion is permissible only where the notice—or some other document filed within the 30-day period following expiration of the time to appeal—*contains reasons or excuses for the untimely filing*. In this case petitioner has attributed his untimely filing, at least in part, to the mistake of prison officials. The state apparently does not contest petitioner's version of events. Nevertheless, petitioner did not mention the potential excuse for untimely filing in his original notice of appeal.[13] The excuse is first mentioned in petitioner's May 6, 2016 response to this Court's order—filed almost four months after the expiration of the 30-day period following

[13] R. Doc. No. 22.

the deadline for filing a timely notice of appeal. This Court therefore will not treat petitioner's notice of appeal as such a motion.

With respect to the most recent response, even if the Court were inclined to treat the brief as a motion for a finding of good cause or excusable neglect, the Court would deny the motion as untimely. "[C]ourts lack[] power to carve out equitable exceptions to Appellate Rule 4(a) because the deadlines to appeal are jurisdictional statutory requirements." *Perez v. Stephens*, 745 F.3d 174, 179 (5th Cir. 2014). Accordingly, because nothing filed within 30 days after expiration of the deadline for timely filing a notice of appeal can be construed as such a motion,

**THE COURT FINDS** that petitioner's notice of appeal was **UNTIMELY FILED** and that no motion for a finding of good cause or excusable neglect has been timely filed.

**IT IS ORDERED** that the Clerk of Court return this case to the U.S. Court of Appeals for the Fifth Circuit for appropriate action.

New Orleans, Louisiana, June 16, 2016.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**